Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence L. Gilgen;  Plaintiff,  v.  Utah Billing & Recovery, LLC;  Defendant. | No.  **COMPLAINT**  (Jury Trial Demanded) |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III.  PARTIES

3. Plaintiff Lawrence L. Gilgen is a resident of Maricopa County, Arizona.

4. Mr. Gilgen is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.

5. Mr. Gilgen is a "consumer" as that term is defined by FDCPA § 1692a(3).

6. Defendant Utah Billing & Recovery, LLC ("Utah Billing") is a foreign limited liability company.

7. Utah Billing collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.

8. Utah Billing is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

9. In January or February 2015, Mr. Gilgen went to Valley King Realty in order to rent a home for his family.

10. Valley King pulled a credit report on Mr. Gilgen and told him that he would not qualify to rent a home due to information on his credit report which was being reported by Utah Billing.

11. Plaintiff learned that Utah Billing was reporting two collection accounts on his credit report; one in the amount of $1,019 ("First Account"), and one in the amount of $5,285 ("Second Account").

12. Mr. Gilgen immediately called Utah Billing concerning the two accounts, and spoke to one of its collectors.

13. The collector told Mr. Gilgen that he owed a total of $6,400.

14. Mr. Gilgen told the collector that he knew he owed something on the First Account, but disputed owing the Second Account.

15. The collector then transferred the call to Roger, another collector for Utah Billing.

16. While on the phone with Mr. Gilgen, Roger reviewed Utah Billing's records and ultimately agreed that Mr. Gilgen did not owe the Second Account.

17. Roger also told Mr. Gilgen that Utah Billing should not have reported the Second Account to the credit bureaus.

18. During this conversation, it was learned that the Second Account belonged to Mr. Gilgen's step-brother, but it had been reported with Mr. Gilgen's social security number.

19. Roger explained that Utah Billing regularly updated accounts to the credit bureaus on the 17th of the month, and told Mr. Gilgen that it would request removal of the Second Account at that time.

20. Mr. Gilgen asked Roger to immediately request that the credit bureaus remove the Second Account, explaining that he was trying to rent a home for his family.

21. Roger, however, attempted to coerce Mr. Gilgen into immediately paying the First Account by telling him that Utah Billing would require that it be paid first, before Utah Billing would agree to request an immediate removal of the Second Account.

22. Mr. Gilgen then told Roger that he would only pay the First Account after Utah Billing had removed the Second Account from the credit bureaus.

23. As of March 4, 2015, the Second Account is still reporting on Mr. Gilgen's Experian credit report.

24. Utah Billing has failed to send Mr. Gilgen, within five days of their initial communication, a written communication concerning the Second Account informing Mr. Gilgen of his verification / validation rights under the FDCPA, 15 U.S.C. § 1692g(a).

25. Utah Billing reported the Second Account to Experian to assist it in attempting to collect a debt.

26. Upon information and belief, Utah Billing provided false information to the credit bureaus, including an incorrect name, address, Social Security Number and / or date of birth, which caused the Second Account to appear on Mr. Gilgen's credit report.

27. As a result of Defendant's actions as outlined above, Mr. Gilgen has suffered damages including, but not limited to, economic loss, loss of credit opportunities, embarrassment, humiliation, and other extreme emotional distress.

28. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendant's persistent and routine practice of debt collection.

29. In the alternative, Defendant's actions were negligent.

## V.  CAUSES OF ACTION

**Fair Debt Collection Practices Act**

30. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

31. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g

32. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Actual damages to be determined by the jury;

b) Statutory damages;

c) Costs and reasonable attorney's fees; and

d) Such other relief as may be just and proper.

DATED   March 5, 2015  .

      s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff